Nicholson, C. J.,
delivered the opinion of the Court.
*830 Kirk, as administrator of C. J. Jones, filed his bill in 1866, for the sale of a lot of ground in Memphis. The proceeding resulted in a decree of sale, at which, on the 11th of March, 1867, H. G. Dent was the purchaser, at $10,323, for which he executed his three notes. The two first notes were paid, but after judgment on the 27th of October, 1868, on the third note, a scire facias issued to him to show cause why the lot should not be sold to satisfy said judgment.
In November, 1868, Dent appeared to the scire facias, and alleged that he had recently discovered that there was a large amount of taxes due the state and county, and the city of Memphis, on the lot, for several years past, and that probably the lot had been sold for taxes and bought by the State.
Thereupon the Clerk and Master was ordered to report the amount of taxes due on the lot, and also to report as to the title of the lot.
In June, 1869, the Clerk and Master reported that the title was regular, and that at the date of the sale in March, 1867, the amount of taxes due on the lot was $734. This report being unexcepted to, was confirmed, and the re-sale of the lot decreed, the Clerk and Master being ordered to pay out of the proceeds of the sale, the amount of taxes found to be due on the lot.
Before the sale was made under this decree, it was “ agreed by the parties that H. G. Dent may submit the question to the Court, as to whether the decree for a re-sale of the land could be entered herein, when at the time of sale to said Dent, said lot had been *831 previously sold- for, state, and city taxes, and struck off to state and city respectively, at that sale, for several years previous to sale to Dent, but no certificate of sale had been, demanded, or issued to State or city, and the Court may act on this question now the same as if it had been raised by exception to report of Clerk and Master before ' confirmation thereof.”
The Chancellor entertained the agreement, and so modified his decree as to make the agreement a part thereof, but adhered to his decree ordering, a re,-sale of the lot. From this decree Dent has appealed.
We are to presume upon the agreed state of facts, that the proceedings under which the lot was sold for taxes, in the several years from 1864, down to 1867, were regular and valid, and that if the State and city of Memphis had so elected, the title might have been perfected under, the sales. But it appears that neither the State nor city set up any claim under their respective purchases, as they neither demanded certificates of purchase or obtained conveyances, or took any steps towards setting up title. On the contrary, it appears by the agreement, that year after year the lot was again and again assessed and sold for taxes, thereby indicating clearly that the previous purchases had been abandoned and waived. The sale at which Dent purchased was made in March 1867, and the taxes for that year were assessed against the lot — showing that the lot was treated by the State as the property of the original owner. Under this state of facts, the Chancellor was authorized to assume that the State did not claim the title to the lot, but only held a lien *832 upon it for the unpaid taxes. That the policy of - the State was correctly interpreted, was fully shown by the passage of the act in December, 1869, by which all penalties heretofore accrued and not yet paid on real estate, sold to the Treasurer for State and county taxes, were remitted, and the owners allowed twelve months in which to redeem, by paying the unpaid taxes of 1865-8. The decree of the Chancellor anticipated the action of the Legislature, and was fully sustained by the facts.
The decree is affirmed with costs and the lot ordered to be sold.